William A. Broscious (Va. Bar No. 27436)
KEPLEY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Richmond, Virginia 23233
(804) 741-0400

*Counsel to Bruce E. Robinson, Trustee*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| In re: | ) | **Chapter 7** |
| | ) | |
| **HCYU BUILDING ENGINEERED** | ) | **Case No. 17-30793-KLP** |
| **SOLUTIONS, INC.,** | ) | |
| | ) | |
| Debtor. | ) | |

**MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT**

Bruce E. Robinson, Chapter 7 Trustee (the "**Trustee**") of the bankruptcy estate (the

"**Estate**") of HCYU Building Engineered Solutions, Inc. (the "**Debtor**", by counsel and pursuant

to Rule 9019 of the Federal Rules of Bankruptcy Procedure, moves the Court to approve the

compromise and settlement of claims of the Trustee against Bradley Lownsbury ("**Mr.**

**Lownsbury**"), Jaideep Karnik ("**Mr. Karnik**"), Bold Rock Engineering Group, Inc. ("**BR**

**Engineering**"), and Bold Rock Energy Group, LLC ("**BR Energy**") (collectively, Mr.

Lownsbury, Mr. Karnik, BR Engineering, and BR Energy are referred to herein as the

"**Defendants**").

**JURISDICTION**

1.      This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      This bankruptcy case was commenced by the Debtor's filing of a voluntary

petition for relief under Chapter 7 of the Bankruptcy Code on February 20, 2017 (the

"**Bankruptcy Case**").

3.      The Trustee was appointed interim trustee in the Bankruptcy Case and continues

to serve as Trustee in this Bankruptcy Case.

4.      The Trustee asserted certain claims (the "**Claims**") against the Defendants, which

Claims are set forth in his Complaint to Recover Avoidable Transfers and For Related Relief (the

"**Complaint**") commencing Adversary Proceeding No. 18-03034-KLP on April 11, 2018 (the

"**Adversary Proceeding**").

5.      By Order dated February 28, 2019, the Court appointed the Honorable Kevin R.

Huennekens as judicial mediator concerning the Claims and directed the parties to submit to

mediation.

## THE COMPROMISE AND SETTLEMENT

6.      Mediation was conducted on April 22, 2019, and resulted in the parties'

agreement to resolve the Claims on the terms and conditions set forth in the Settlement

Agreement substantially in the form attached hereto as **Exhibit A** (the "**Settlement**

**Agreement**").   The Settlement Agreement is subject to the Court's approval pursuant to this

motion.

## MEMORANDUM OF LAW

7.      "To minimize litigation and expedite the administration of a bankruptcy estate,

compromises are favored in bankruptcy." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). In

determining whether to approve a compromise, the Court must look at various factors and

determine whether the compromise is in the best interest of the estate and whether it is fair and

equitable to the creditors of the estate. *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997). These factors include: (a) the probability of success in litigation; (b) the potential difficulties, if any, in collection; (c) the complexity of the litigation involved and the expense, inconveniences and delays necessarily attending it; and (d) the paramount interest of the creditors. *Id.* These factors help the Court determine whether it should approve the proposed compromise as fair and equitable to the creditors of the estate. *Martin v. Kane (In re A & C Prop.)*, 784 F.2d 1377 (9th Cir. 1986); *Drexel, Burham, Lambert, Inc. v. Flight Transp. Corp. (In re Flight Transp. Corp. Sec. Litig.)*, 730 F.2d 1128 (8th Cir. 1984); *In re Jackson Brewing Co.*, 624 F.2d 605 (5th Cir. 1980); *see also In re Austin*, 186 B.R. 397 (Bankr. E.D. Va. 1995) (discussing factors to approve settlements).

8.      The best interests of the Estate are well served by the Settlement Agreement for two reasons: <u>first</u>, two of the Defendants will pay the Trustee an aggregate settlement amount of $145,000 and Mr. Lownsbury will withdraw his $125,000 proof of claim in the Bankruptcy Case; and <u>second</u>, the Estate will avoid the expenses and costs of continuing the prosecution of the Adversary Proceeding.

9.      In light of the above considerations, the Court should approve the relief requested herein because the Trustee exercised his sound business judgment in entering into the Settlement Agreement and because the Settlement Agreement is fair and equitable.

## <u>NOTICE OF MOTION</u>

10.      Bankruptcy Rule 9019(a) provides that a Court may approve a compromise or settlement "after notice and a hearing." Bankruptcy Rule 2002(a)(3) provides a twenty-one (21) days-notice by mail of the hearing to approve a compromise or settlement of a controversy, unless the Court approves a shortening of the notice period.  A separate notice of this motion and the hearing hereon shall be filed and served in accord with Bankruptcy Rule 2002.

## WAIVER OF MEMORANDUM OF LAW

11.      Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel

issues of law presented in the motion and all applicable authority is set forth herein, the Trustee

respectfully requests that the Court waive the requirement that a motion be accompanied by a

separate written memorandum of law.

## REQUESTED RELIEF

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order, in the

form attached hereto as **Exhibit B**, approving the Settlement Agreement, and grant such other

and further relief as the Court deems appropriate.

Dated: Richmond, Virginia
      May 8, 2019

                              **BRUCE E. ROBINSON, TRUSTEE**


                              By: /s/ *William A. Broscious*_____
                                    Counsel

William A. Broscious (VSB #27436)
Kepley Broscious & Biggs, PLC
2211 Pump Road
Richmond, VA 23233
Phone:  (804) 741-0400 x202

      *Counsel for Trustee*


## CERTIFICATE OF SERVICE

      I hereby certify that on May 8, 2019, a true and correct copy of the foregoing was served
on all persons receiving electronic notice in these cases, and on each of the persons listed on the
attached service list.


                              /s/ *William A. Broscious*_____
                              Counsel

4

Robert Van Arsdale, Esq.
Office of the US Trustee - Region 4
701 E. Broad Street, Ste. 4304
Richmond, VA 23219-1849

Bruce E. Robinson, Trustee
P.O. Box 538
South Hill, VA 23970-0538

Robert S. Westermann, Esq.
Hirschler Fleischer, P.C.
2100 East Cary Street
The Edgeworth Building
Richmond, VA 23223-7270

David G. Browne, Esquire
Spiro & Browne PLC
6802 Paragon Place
Suite 410
Richmond, VA 23230-1655

Hsing-Chung Yu & Terry Yu
306 Hawk Drive
Manakin Sabot, VA 23103

Paul S. Bliley, Jr., Esq.
Williams Mullen
P.O. Box 1320
Richmond, VA 23218-1320

Robert H. Chappell, III, Esq.
Spotts Fain PC
411 E. Franklin St.
Suite 600
Richmond, VA 23219-2200

Jaideep Karnik
c/o Spotts Fain PC
411 E. Franklin St.
Suite 600
Richmond, VA 23219-2200

Bradley Lownsbury
11512 Longview Landing Drive
Henrico, VA 23233-1114

Bold Rock Energy Group, LLC
c/o Spotts Fain PC
411 E. Franklin St.
Suite 600
Richmond, VA 23219-2200

Bold Rock Engineering Group, LLC
c/o Spotts Fain PC
411 E. Franklin St.
Suite 600
Richmond, VA 23219-2200

Parma Richmond, LLC
P.O. Box 865451
Orlando, FL 32886-5451

Marlin Business Bank
P.O. Box 13604
Philadelphia, PA 19101-3604

American Funds
P.O. Box 6164
Indianapolis, IN 46206-6164

Villa Park I, LLC
c/o Paul D. Anders, Esq.
KVCF
P.O. Box 2470
Richmond, VA 23218-2470

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** ("Agreement") is entered into as of the date of the last signature below (the "Effective Date"), by and between **BRUCE E. ROBINSON, TRUSTEE** (the "Trustee"), **BRADLEY LOWNSBURY** ("Mr. Lownsbury"), **JAIDEEP KARNIK** ("Mr. Karnik"), **BOLD ROCK ENGINEERING GROUP, INC.**, a Virginia corporation ("BR Engineering"), and **BOLD ROCK ENERGY GROUP, LLC**, a Virginia limited liability company ("BR Energy") (collectively, Mr. Lownsbury, Mr. Karnik, BR Engineering, and BR Energy are referred to herein as the "Defendants").

**WHEREAS** the Trustee is the duly appointed Chapter 7 Trustee for the bankruptcy estate of HCYU Building Engineered Solutions, Inc. (the "Debtor") in Bankruptcy Case No. 17-30793-KLP (the "Case") filed on February 20, 2017, and pending in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court");

**WHEREAS**, the Trustee has asserted certain claims (the "Claims") against the Defendants, which Claims are set forth in his Complaint to Recover Avoidable Transfers and For Related Relief (the "Complaint") commencing Adversary Proceeding No. 18-03034-KLP on April 11, 2018; and

**WHEREAS**, pursuant to an Order entered on February 28, 2019, by the Bankruptcy Court, the Trustee and the Defendants participated in a mediation conducted by the Honorable Kevin R. Huennekens, at which mediation the parties agreed to resolve and settle all disputes between them as set forth in an Agreement dated April 22, 2019 (the "Settlement Terms Agreement") which contemplates the execution and delivery of this Agreement as a final definitive agreement.

**NOW, THEREFORE**, in consideration of the foregoing and the mutual undertakings of the parties as set forth herein, the parties agree as follows:

1.     **BANKRUPTCY COURT APPROVAL**.  This Agreement and all terms and conditions of this Agreement are contingent upon the entry of an order by the Bankruptcy Court approving this Agreement (the "Settlement Order").  The Trustee shall seek the Bankruptcy Court's approval of this Agreement within ten (10) days following this Agreement being fully executed.

2.     **SETTLEMENT AMOUNTS AND PAYMENTS**.

(a)     Mr. Lownsbury shall pay to the Trustee the sum of $125,000 (the "Lownsbury Settlement Amount").  Mr. Lownsbury's obligation to pay the Lownsbury Settlement Amount shall be evidenced by a promissory note in the form attached hereto as Exhibit A-1 (the "Lownsbury Note") which shall be secured by a pledge agreement in the form attached hereto as Exhibit A-2 (the "Pledge Agreement").  Mr. Lownsbury shall execute and deliver to the Trustee the Lownsbury Note and the Pledge Agreement, and shall deliver to the Trustee the original of the Pledged Asset (as defined in the Pledge Agreement), within ten (10) days following entry of the Settlement Order.

(b)      Mr. Karnik shall pay to the Trustee the sum of $20,000 (the "Karnik Settlement Amount").  Mr. Karnik's obligation to pay the Karnik Settlement Amount shall be evidenced by a promissory note in the form attached hereto as Exhibit B (the "Karnik Note"), Mr. Karnik shall execute and deliver to the Trustee the Karnik Note within ten (10) days following entry of the Settlement Order.

3.      **OTHER AGREEMENTS**.

(a)      Mr. Lownsbury agrees that the proof of claim he filed in the Case on or about November 30, 2017 (Claim 5-1, the "Lownsbury Proof of Claim"), shall be deemed disallowed upon entry of the Settlement Order and that, within ten (10) business days following entry of the Settlement Order, he shall withdraw the Lownsbury Proof of Claim.

(b)      The Defendants acknowledge that the Trustee duties include the review of and, if appropriate, objection to all proofs of claim filed in the Case (the "Proofs of Claim") and they agree to refrain from objecting to any such Proofs of Claim; provided, however, in the event that HC Yu, Terry Yu, and/or their affiliates, object to the Trustee's motion seeking entry of the Settlement Order, then in such case the Defendants shall be permitted to object to any Proofs of Claim that they believe in good faith to be disallowable in whole or part.

4.      **CONDITIONS PRECEDENT TO SETTLEMENT**.  This Agreement will become effective upon occurrence of the following conditions (the "Effectiveness Conditions"): (a) the Trustee and the Defendants each execute this Agreement; (b) this Agreement is approved by the Bankruptcy Court pursuant to Section 1 above; (c) as to Mr. Karnik, the Trustee receives the Karnik Note; and (d) as to Mr. Lownsbury, the Trustee receives the Lownsbury Note and the Pledge Agreement.

5.      **RELEASES; DISMISSAL**.  Upon the occurrence of the Effectiveness Conditions:

(a)      except to the extent that any payment under the Lownsbury Note is avoided, involuntarily transferred or recovered from the Trustee, the Trustee and the bankruptcy estate of the Debtors (the "Estate") shall be deemed to have forever released, acquitted, and forever discharged Mr. Lownsbury from any and all liability of any kind whatsoever with respect to the Debtor, specifically including the Claims;

(b)      except to the extent that any payment under the Karnick Note is avoided, involuntarily transferred or recovered from the Trustee, the Trustee and the Estate shall be deemed to have forever released, acquitted, and forever discharged Mr. Karnick from any and all liability of any kind whatsoever with respect to the Debtor, specifically including the Claims;

(c)      the Trustee and the Estate shall be deemed to have forever released, acquitted, and forever discharged BR Engineering and BR Energy from any and all liability of any kind whatsoever with respect to the Debtor, specifically including the Claims;

2

(d)    the Defendants shall be deemed to have forever released, acquitted, and forever discharged the Trustee and the Estate from any and all liability of any kind whatsoever with respect to the Debtor; and

(e)    the Trustee shall consent to the entry of a final order dismissing the Adversary Proceeding with prejudice.

6.    **GOVERNING LAW**.  The laws of the Commonwealth of Virginia shall govern this Agreement and all terms and conditions of this Agreement.

7.    **JURISDICTION**.  The parties consent to the exclusive jurisdiction of the Bankruptcy Court with respect to any and all matters relating to this Agreement.

8.    **INTEGRATION**.  Upon entry of the Settlement Order: (1) this Agreement contains the entire agreement between the parties in relation to matters described herein, and no inducements or promises other than as expressly set forth herein have been given or received in return for it; and (2) the Settlement Terms Agreement and all negotiations leading up to this Agreement are merged herewith and shall not be the basis for any legal rights, claims or defenses in relation to any litigation or otherwise.

9.    **AMENDMENTS**.  The parties may amend this Agreement only in a writing, signed by all of the parties and approved by the Bankruptcy Court.

10.    **NO ADMISSION OF LIABILITY**.  This Agreement is entered as an expedient and cost-effective alternative to costly litigation and is entered without admission of liability and/or legal obligation by the parties hereto, all of which liability and legal obligation is expressly denied.

11.    **WAIVER**.  No rights under this Agreement may be effectively waived, except as waived herein, or as waived in a separate writing signed by the beneficiary of the right to be waived.

12.    **BINDING UPON SUCCESSORS AND ASSIGNS**.  This Agreement is binding upon the heirs, successors and assigns of the parties, and inures to the benefit of the heirs, successors, and assigns of the parties.

13.    **ATTORNEY'S FEES AND COSTS**.  Each party shall bear his or its own attorneys' fees and costs relating to this matter, including this Agreement; provided, however, if any party must commence an action to enforce the terms of this Agreement (excluding the Trustee's entry of the Settlement Order), then the prevailing party shall be entitled to an award, in addition to any other claims or damages, of its costs and expenses including reasonable attorneys' fees, in connection with said enforcement.

14.    **COUNTERPARTS**.  This Agreement may be executed in multiple copies, each of which shall be deemed an original, and may be transmitted by email or facsimile.

     **IN WITNESS WHEREOF**, the parties have set their hands and seals as of the date written below.

_____       _____
BRADLEY LOWNSBURY                         BRUCE E. ROBINSON, TRUSTEE

Date: _____                           Date: _____

_____
JAIDEEP KARNIK

Date: _____

BOLD ROCK ENGINEERING GROUP, INC.

By: _____
Name: _____
Title: _____

Date: _____

BOLD ROCK ENERGY GROUP, LLC

By: _____
Name: _____
Title: _____

Date: _____

*EXHIBIT A-1 to Settlement Agreement*

# **PROMISSORY NOTE**

$125,000.00                                                          May __, 2019

  FOR VALUE RECEIVED Bradley Lownsbury, an individual residing at 11512 Longview Landing Drive, Richmond, Virginia 23233 ("Maker"), hereby absolutely and unconditionally promises and agrees to pay to Bruce E. Robinson, Trustee, whose mailing address is P.O. Box 538, South Hill, Virginia 23970-0538 ("Payee") , in lawful money of the United States of America, the principal sum of ONE HUNDRED TWENTY-FIVE THOUSAND DOLLARS AND NO CENTS ($125,000.00) in two (2) equal installments of $62,500.00 on each of January 15, 2020, and January 15, 2021.  If any amount payable hereunder is not paid when due, whether at maturity, by mandatory prepayment or acceleration as provided herein or otherwise, such overdue amount shall bear interest at the rate of five percent (5.00%) per annum (based on a 360 day year) until such amount is paid in full.

  All amounts payable hereunder shall be made in lawful money of the United States of America at the address of Payee set forth above, or such other place that Payee may be designated in writing to Maker.

  This Note is has been executed and delivered by Maker pursuant to a Settlement Agreement, dated _____, 2019, by and among Maker, Payee, and others (the "Settlement Agreement"), which Settlement Agreement has been approved by Order of the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy Court"), in the case styled *In re HCYU Building Engineered Solutions, Inc*. (Case No. 17-30794-KLP).  This Note is secured by that certain Note Pledge Agreement, dated of even date herewith (the "Pledge Agreement"), executed and delivered by Maker to and for the benefit of Payee and as collateral security for the payment of the indebtedness evidenced by this Note and the obligations of Maker under the Settlement Agreement.

  This Note may be prepaid at the option of Maker in whole or part at any time without penalty or premium.  This Note shall be prepaid within fifteen (15) days of receipt in the event and to the extent of any prepayments made by or on behalf of the maker of the promissory note subject to the Pledge Agreement (the "Collateral"); Maker hereby acknowledging and agreeing that any payments received by him on account of the Collateral and the proceeds therefrom shall be held by Maker in trust as the property, and for the exclusive benefit, of Payee until such payments are delivered to Payee as required hereunder and by the Pledge Agreement.

  The following shall constitute events of default under this Note: (a) the failure of Maker to make any payment on this Note as and when due; (b) a default by Maker of any of his obligations under the Settlement Agreement or the Pledge Agreement, including any breach of a representation or warranty under the Pledge Agreement; (c) the application for the appointment of a receiver for Maker or for the property of Maker; (d) the filing by or against Maker of a petition in bankruptcy, which in the case of an involuntary petition is not dismissed within ninety (90) days of filing; (e) the assignment for the benefit of creditors of Maker; or (f) the issuance of an attachment or the entry of a judgment against Maker, which attachment or judgment is not satisfied within ninety (90) days of issuance (each event a "Default" and collectively "Defaults").

Upon the occurrence of one or more Defaults, the entire unpaid principal balance of this Note shall become immediately due and payable at the election and notice of Payee.

Whenever any payment to be made hereunder shall be due on a day that is a Saturday, Sunday or any day on which banks in Richmond, Virginia, are permitted or obliged to be closed (all other days, a "Business Day"), such payment shall be made on the next succeeding Business Day.

Maker agrees to pay all costs of collection, including reasonable attorneys' fees and expenses, and all costs of suit upon a Default under this Note.

This Note may not be amended, modified or changes, nor shall any waiver of any provisions hereof be effective, except only by an instrument in writing signed by the party against whom enforcement or any waiver, amendment, change, modification or discharge is sought.

Any failure by Payee to exercise any right hereunder shall not be construed as a waiver of the right to exercise the same or any other right at any time.

Maker waives presentment, demand for payment, notice of dishonor, notice of protest, and the benefit of any homestead exemptions with respect to all amounts due under this Note, the Pledge Agreement , and the Settlement Agreement.  All other notices or demands or other communications in connection with the delivery , acceptance, performance, default or endorsement of this Note shall be in writing and shall be deemed to have been given when delivered personally or when sent by certified mail, return receipt requested or by overnight air delivery, addressed to the address indicated at the head of this Note.

Whenever used herein, the words "Maker" and "Payee" shall be deemed to include their respective successors and assigns.

This Note shall be governed by and interpreted under the laws of the Commonwealth of Virginia applicable to contracts made and to be performed therein without giving effect to the principles of conflict of laws thereof.  Except in respect of any action commenced by a third party in another jurisdiction, Maker and Payee agree that any legal suit, action or proceeding arising out of or relating to this Note and the Settlement Agreement shall be brought exclusively in the Bankruptcy Court.

IN WITNESS WHEREOF, Maker has executed and delivered this Note to Payee as of the date first above written.

**MAKER**:

_____

BRADLEY LOWNSBURY

Date:  _____

2

*EXHIBIT A-2 to Settlement Agreement*

## NOTE PLEDGE AGREEMENT

THIS **NOTE PLEDGE AGREEMENT** (this "Pledge Agreement") is dated as of May __, 2019, and is made by **BRADLEY LOWNSBURY** (the "Pledgor"), to and for the benefit of **BRUCE E. ROBINSON, TRUSTEE** (the "Secured Party"), provides:

### RECITALS:

A.    The Pledgor is the owner and holder of the promissory note described on Appendix A attached hereto (the "Pledged Note").

B.    The Secured Party, the Pledgor, and others are parties to a Settlement Agreement dated as of May ___, 2019 (the "Settlement Agreement"), which Settlement Agreement has been approved by the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division, in  the case styled *In re HCYU Building Engineered Solutions, Inc.* (Case No. 17-30794-KLP), by Order entered _____, 2019.

C.    Pursuant to the Settlement Agreement the Pledgor has executed and delivered to the Trustee a promissory note in the stated principal amount of $125,000 (the "Note") and in connection therewith is required to execute and deliver this Pledge Agreement as collateral security for all obligations of the Pledgor under the Note (the "Obligations").

NOW, THEREFORE, in consideration of the premises and as collateral security for the Obligations, the Pledgor hereby agrees with the Secured Party as follows:

SECTION 1.    Pledge.  The Pledgor hereby pledges to the Secured Party and grants the Secured Party a security interest in the Pledged Note and all cash payments and proceeds in respect thereof.

SECTION 2.    Security for Obligations.  This Agreement secures the payment of all the Obligations.

SECTION 3.    Delivery of Pledged Note.  The Pledged Note shall be duly endorsed, with recourse to the Pledgor, to the order of the Secured Party and shall be delivered to and held by the Secured Party, or by agent acting on behalf of the Secured Party.  The foregoing endorsement may be made by separate allonge.

SECTION 4.    Representations and Warranties.  The Pledgor represents and warrants as follows:

(a)    The Pledgor is the legal and beneficial owner of the Pledged Note free and clear of any lien, security interest, claim or other charge or encumbrance.  The outstanding and unpaid principal balance of the Note as of the date of this Pledge Agreement is $125,000 all of which is validly due and payable without offset or other deduction.

(b)    Upon delivery of the Pledged Note to the Secured Party, the pledge of the Pledged Note pursuant to this Agreement creates a valid and perfected security interest in the Pledged Note, securing the payment of the Obligations.

(c)    No authorization, approval, or other action by, and no filing with, any governmental authority or regulatory body is required either (i) for the pledge by the Pledgor of the Pledged Note pursuant to this Agreement or (ii) for the execution, delivery or performance of this Agreement by the Pledgor.

SECTION 5.    Further Assurances.  The Pledgor agrees that at any time and from time to time, at the expense of the Pledgor, the Pledgor will promptly execute and deliver all further instruments and documents, and take all further action, that may be reasonably necessary, or that the Secured Party may reasonably request, in order to perfect and protect any security interest granted or purported to be granted hereby or to enable the Secured Party to exercise and enforce its rights and remedies hereunder with respect to the Pledged Note.

SECTION 6.    Application of Note Payments.  All payments of the Pledged Note received by the Pledgor shall be paid within fifteen (15) days to the Secured Party who shall thereupon have the sole right to apply such payments in its discretion against the outstanding balance of the Obligations.  The Pledgor acknowledges and agrees that he shall hold in trust as the property, and for the exclusive benefit, of the Secured Party all payments he receives on account of the Pledged Note until such payments are delivered to the Secured Party as required hereunder and by the Note.

SECTION 7.    Transfers and Other Liens.  The Pledgor agrees that he will not (a) renew, extend, modify, sell or otherwise dispose of the Pledged Note, or (b) create or permit to exist any lien, security interest, or other charge or encumbrance upon or with respect to the Pledged Note, except for the security interest under this Pledge Agreement.

SECTION 8.    The Secured Party Appointed Attorney-in-Fact.  The Pledgor hereby appoints the Secured Party and any agent of the Secured Party which the Secured Party may designate as the Pledgor's attorney-in-fact, with full authority in the place and stead of the Pledgor and in the name of the Pledgor or otherwise, from time to time in the discretion of the Secured Party as it may deem necessary or advisable to accomplish the purposes of this Pledge Agreement, including, without limitation, to receive any payment in respect of the Pledged Note and to give full discharge for the same.

SECTION 9.    The Secured Party May Perform.  If the Pledgor fails perform any agreement contained herein, the Secured Party may himself perform, or cause performance of, such agreement, and the expenses of the Secured Party incurred in connection therewith, including reasonable attorneys' fees, shall be payable by the Pledgor under Section 12 hereof.

SECTION 10.    Reasonable Care.  The Secured Party shall be deemed to have exercised reasonable care in the custody and preservation of the Pledged Note in his possession if the Pledged Note is accorded treatment substantially equal to that which the Secured Party accords

2

his own property, it being understood that the Secured Party shall not have responsibility for taking any necessary steps to preserve rights against any parties with respect to the Pledged Note.

SECTION 11.    Remedies Upon Default.  If, under the terms of the Note, any "Default" or "Defaults" shall have occurred and be continuing:

(a)    The Secured Party may exercise in respect of the Pledged Note, in addition to other rights and remedies provided for herein or otherwise available to him, all the rights and remedies a secured party on default under the Uniform Commercial Code (the "Code") in effect in the Commonwealth of Virginia at that time.

(b)    Any surplus of cash payments received by the Secured Party in any collection on, or other realization upon, the Pledged Note and remaining after payment in full of all the Obligations shall be paid over to the Pledgor or to whomsoever may be lawfully entitled to receive such surplus. respect

SECTION 12.    Expenses.  The Pledgor will upon demand pay to the Secured Party the amount of all reasonable expenses, including the reasonable fees and expenses of its counsel and of any experts and agents, which the Secured Party may incur in connection with (i) the exercise or enforcement of any of the rights of the Secured Party hereunder or (ii) the failure by the Pledgor to perform or observe any of the provisions hereof.

SECTION 13.    Security Interest Absolute.  All rights of the Secured Party in the security interest granted hereunder, and all obligations of the Pledgor hereunder, shall be absolute and unconditional irrespective of:

(a)    Any lack of validity of the Note or any other agreement or instrument relating thereto;

(b)    Any change in the time, manner or place of or in any other term of, all or any of the Obligations, or any other amendment or waiver of or any consent to any departure from the Note;

(c)    Any exchange, release or non-perfection of any other collateral, or waiver of or consent to departure from any guaranty, for all or any of the Obligations; or

(d)    Any other circumstances which might otherwise constitute a defense available to, or a discharge of, the Pledgor in respect of the Obligations or this Pledge Agreement.

SECTION 14.    Amendments, etc.  No amendment or waiver of any of this Pledge Agreement or consent to any departure by the Pledgor herefrom, shall in any event be effective unless the same shall be in writing and signed by the Secured Party, and then such waiver or consent shall be effective only in the specific instance and for the specific purpose for which given.

3

SECTION 15.    <u>Notices</u>.  The addresses for the Pledgor and the Secured Party as set forth in the Note (or such other place as they may designate to the other in writing) shall be applicable addresses for any notice required hereunder.

SECTION 16.    <u>Continuing Security Interest</u>.  This Pledge Agreement shall create a continuing security interest in the Pledged Note and shall (i) remain in full force and effect until payment in full of the Obligations, (ii) be binding upon the Pledgor, its successors and assigns, and (iii) inure, together with the rights and remedies of the Secured Party hereunder, to the benefit of the Secured Party, and its respective successors, transferees and assigns. Upon the payment in full of the Obligations, the Pledgor shall be entitled to the return, upon its request, of the Pledged Note if it has not been otherwise applied pursuant to the terms hereof.

SECTION 17.    <u>Governing Law</u>.  This Pledge Agreement shall be governed by, and construed in accordance with, the laws of the Commonwealth of Virginia.

IN WITNESS WHEREOF, the Pledgor and the Secured Party have caused this Pledge Agreement to be duly executed and delivered all as of the date first above written.

**PLEDGOR**:                                                    **SECURED PARTY**:

_____                    _____
BRADLEY LOWNSBURY                                      BRUCE E. ROBINSON, TRUSTEE

Date: _____                                        Date: _____

[Appendix A attached]

4

<u>Appendix A</u>

Promissory Note, dated March 1, 2018, in the stated principal amount of $187,500, made by
AKF Group, LLC, and payable to Brad Lownsbury

*EXHIBIT B to Settlement Agreement*

# **PROMISSORY NOTE**

$20,000.00                                                                  May __, 2019

      FOR VALUE RECEIVED Jaideep Karnik, an individual residing at
_____, Virginia _____ ("Maker"), hereby absolutely and
unconditionally promises and agrees to pay to Bruce E. Robinson, Trustee, whose mailing
address is P.O. Box 538, South Hill, Virginia 23970-0538 ("Payee") , in lawful money of the
United States of America, the principal sum of TWENTY THOUSAND DOLLARS AND NO
CENTS ($20,000.00) in one installment of $20,000.00 on July 31, 2019.  If any amount payable
hereunder is not paid when due, whether at maturity, by mandatory prepayment or acceleration
as provided herein or otherwise, such overdue amount shall bear interest at the rate of five
percent (5.00%) per annum (based on a 360 day year) until such amount is paid in full.

      All amounts payable hereunder shall be made in lawful money of the United States of
America at the address of Payee set forth above, or such other place that Payee may be
designated in writing to Maker.

      This Note is has been executed and delivered by Maker pursuant to a Settlement
Agreement, dated _____, 2019, by and among Maker, Payee, and others (the "Settlement
Agreement"), which Settlement Agreement has been approved by Order of the United States
Bankruptcy Court for the Eastern District of Virginia, Richmond Division (the "Bankruptcy
Court"), in the case styled *In re HCYU Building Engineered Solutions, Inc*. (Case No. 17-30794-
KLP).

      This Note may be prepaid at the option of Maker in whole or part at any time without
penalty or premium.

      The following shall constitute events of default under this Note: (a) the failure of Maker
to make any payment on this Note as and when due; (b) a default by Maker of any of his
obligations under the Settlement Agreement; (c) the application for the appointment of a receiver
for Maker or for the property of Maker; (d) the filing by or against Maker of a petition in
bankruptcy, which in the case of an involuntary petition is not dismissed within ninety (90) days
of filing; (e) the assignment for the benefit of creditors of Maker; or (f) the issuance of an
attachment or the entry of a judgment against Maker, which attachment or judgment is not
satisfied within ninety (90) days of issuance (each event a "Default" and collectively "Defaults").

      Upon the occurrence of one or more Defaults, the entire unpaid principal balance of this
Note shall become immediately due and payable at the election and notice of Payee.

      Whenever any payment to be made hereunder shall be due on a day that is a Saturday,
Sunday or any day on which banks in Richmond, Virginia, are permitted or obliged to be closed

(all other days, a "Business Day"), such payment shall be made on the next succeeding Business Day.

Maker agrees to pay all costs of collection, including reasonable attorneys' fees and expenses, and all costs of suit upon a Default under this Note.

This Note may not be amended, modified or changes, nor shall any waiver of any provisions hereof be effective, except only by an instrument in writing signed by the party against whom enforcement or any waiver, amendment, change, modification or discharge is sought.

Any failure by Payee to exercise any right hereunder shall not be construed as a waiver of the right to exercise the same or any other right at any time.

Maker waives presentment, demand for payment, notice of dishonor, notice of protest, and the benefit of any homestead exemptions with respect to all amounts due under this Note and the Settlement Agreement.  All other notices or demands or other communications in connection with the delivery , acceptance, performance, default or endorsement of this Note shall be in writing and shall be deemed to have been given when delivered personally or when sent by certified mail, return receipt requested or by overnight air delivery, addressed to the address indicated at the head of this Note.

Whenever used herein, the words "Maker" and "Payee" shall be deemed to include their respective successors and assigns.

This Note shall be governed by and interpreted under the laws of the Commonwealth of Virginia applicable to contracts made and to be performed therein without giving effect to the principles of conflict of laws thereof.  Except in respect of any action commenced by a third party in another jurisdiction, Maker and Payee agree that any legal suit, action or proceeding arising out of or relating to this Note and the Settlement Agreement shall be brought exclusively in the Bankruptcy Court.

IN WITNESS WHEREOF, Maker has executed and delivered this Note to Payee as of the date first above written.

**MAKER**:

_____

JAIDEEP KARNIK

Date:  _____

2

William A. Broscious (Va. Bar No. 27436)
KEPLEY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Richmond, Virginia 23233
(804) 741-0400

*Counsel to Bruce E. Robinson, Trustee*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **HCYU BUILDING ENGINEERED** | ) | **Case No. 17-30793-KLP** |
| **SOLUTIONS, INC.,** | ) | |
| | ) | |
| Debtor. | ) | |

## <u>ORDER APRROVING MOTION FOR COMPROMISE AND SETTLEMENT</u>

Bruce E. Robinson, Trustee (the "**<u>Trustee</u>**"), by counsel, on his Motion For Approval of

Compromise and Settlement [*doc. no.* ___] (the "**<u>Motion</u>**"), and it appearing to the Court that the

settlement proposed therein (the "**<u>Settlement</u>**") is reasonable, fair and equitable, and in the best

interests of the creditors of the bankruptcy estate in the Chapter 7 bankruptcy case of HCYU

Building Engineered Solutions, Inc. (the "**<u>Debtor</u>**"); [there being no objections to the Motion

after proper and adequate notice thereof being provided; ]and for good cause shown it is hereby

ORDERED as follows:

1. The Motion is **GRANTED**;

2. The Settlement, and the Trustee's execution and delivery of the Settlement

Agreement (as described in and attached to the Motion), be and hereby is approved;

3. The Trustee be and hereby is authorized to take all reasonable steps necessary to

effectuate the Settlement as approved herein;

4.      The requirement under Rule 9013-1(G) to file a memorandum of law in

connection with the Motion is waived; and

5.      The Court shall retain jurisdiction over any and all aspects of the Settlement.


Dated:  Richmond, Virginia                          _____
            _____, 2019                    UNITED STATES BANKUPTCY JUDGE


I ASK FOR THIS:

/s/ *William A. Broscious*
William A. Broscious (VSB #27436)
KEPLEY BROSCIOUS & BIGGS, PLC
2211 Pump Road
Richmond, Virginia 23233

        *Counsel for the Trustee*


SEEN AND AGREED:

/s/ *Robert H. Chappell, III*
Robert H. Chappell, III (VSB #31698)
Timothy G. Moore (VSB #41730)
Spotts Fain PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219

        *Counsel for Brad Lownsbury, Jaideep Karnik, Bold Rock Engineering, Inc., and Bold Rock Energy, LLC*


## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

        I hereby certify that the foregoing proposed Order has been endorsed by or served upon all necessary parties.

                                        /s/ *William A. Broscious*
                                        Counsel

## Service List

| | |
|---|---|
| *Counsel to the Trustee:* | William A. Broscious, Esq.<br>Kepley Broscious & Biggs, PLC<br>2211 Pump Road<br>Richmond, Virginia 23233 |
| *Trustee:* | Bruce E. Robinson, Trustee<br>P.O. Box 538<br>South Hill, Virginia 23970-0538 |
| *Office of the U.S. Trustee:* | Robert B. Van Arsdale, Esq.<br>Shannon Pecoraro, Esq.<br>Office of the U. S. Trustee<br>701 East Broad Street - Suite 4304<br>Richmond, Virginia 23219 |
| *Counsel for Brad Lownsbury, Jaideep Karnik, Bold Rock Engineering, Inc., and Bold Rock Energy, LLC:* | Robert H. Chappell, III, Esq.<br>Timothy G. Moore, Esq.<br>Spotts Fain PC<br>411 East Franklin Street, Suite 600<br>Richmond, Virginia 23219 |